IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Vs. | § | CRIMINAL ACTION NO. 6:06CR27 |
| SIMON RICARTE BALDERAS, JR., ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

On May 2, 2007, the Court referred ancillary forfeiture proceedings in the above-styled case to the undersigned.  Specifically, the Court referred a Claim for Seized Property filed by Juanita Gamez (document #822), a Petition Claiming Superior Interest in Property Subject to Preliminary Forfeiture Order filed by Gina Balderas and Simon Balderas, Sr. (document #667), and a letter filed by Sally Whittenberger and Glenda Thomas asserting an interest in property subject to a preliminary forfeiture order (document #740).  These ancillary forfeiture proceedings were referred to the undersigned for a hearing and proposed findings of fact and recommendations as to their disposition.

*Background*

The Government filed a Motion to Dismiss Petition of Glenda Thomas and Sally Whittenberger (document #803) on March 1, 2007, asserting that the petition does not assert a valid third party claim.  Ms. Thomas and Ms. Whittenberger state in their petition that their grandmother

resided at the property located at 1206 N. Bois D'Arc, Tyler, Texas 75702 and 1210 N. Bois D'Arc, Tyler, Texas 75702, until 1994.  At that time, their grandmother was moved to a nursing home and her possessions were sold.   No response was filed to the Motion to Dismiss.

A Motion to Dismiss Petition of Juanita Gamez (document #847) was filed on March 22, 2007, asserting that Juanita Gamez's petition was untimely and that the petition does not assert a basis for her claim.  The Government states that a Final Order of Forfeiture was entered on March 8, 2007 concerning property located at 8532 CR 35 (Lavender Road), Tyler, Texas 75706.  On the same date, Juanita Gamez filed her claim.  The Government argues that proper notice was issued, but the claim was not filed within the time period set forth in 21 U.S.C. § 853(n)(2).  Further, the motion asserts that the claim failed to set forth the nature or extent of Juanita Gamez's right, title or interest in the property, the time and circumstances of the acquisition of such interest, or any other facts supporting such interest as required by 21 U.S.C. § 853(n)(3).  No response was filed by Juanita Gamez.

The ancillary forfeiture proceedings were then referred to the undersigned on May 2, 2007 and the matter was scheduled for a hearing.  On September 17, 2007, the Government filed a notice stating that the claims concerning the Petition Claiming Superior Interest in Property Subject to Preliminary Forfeiture Order filed by Gina Balderas and Simon Balderas, Sr. had been settled.  By Order issued on September 19, 2007, the Government's Motion to Continue Hearing on Claims by Gina and Simon Balderas, Sr. was granted.  The undersigned proceeded with a hearing on September 19, 2007 on the claims that were filed by Glenda Thomas, Sally Whittenberger and Juanita Gamez.  Ms. Thomas and Ms. Whittenberger did not appear for the hearing.  Juanita Gamez appeared represented by attorney Ralph Martinez.

*Discussion and Analysis*

The Government filed a Motion to Dismiss the claim submitted by Glenda Thomas and Sally Whittenberger asserting that they have not shown a legal basis for a claim to the property pursuant to 21 U.S.C. § 853(n)(6). As previously, stated Ms. Thomas and Ms. Whittenberger did not respond to the motion and did not appear for the hearing. A third-party seeking amendment of a forfeiture order must show by a preponderance of the evidence:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6).

In this case, Ms. Thomas and Ms. Whittenberger have not shown that they have a legal right, title or interest in the property at issue. Accordingly, the Government's Motion to Dismiss Petition of Glenda Thomas and Sally Whittenberger (document #803) should be granted.

With regard to the Lavender Road property and the claim filed by Juanita Gamez, the Government argued at the hearing that an appraisal dated April 3, 2006, the public record of the Smith County Appraisal District and a title search all show that the owner of the property is Diana Gamez, wife of Defendant Efrem Gamez. In addition, the Government asserted that the forfeiture order entered by United States District Judge Leonard Davis found that the forfeiture was properly noticed and advertised. The Government submits that Juanita Gamez did not file a timely third-party

claim.

In response, counsel for Juanita Gamez explained that Diana Gamez did not believe that she was the owner of the property at issue because she has not executed documents to purchase the property. He also explained that Juanita Gamez executed some type of earnest money contract with people referred to as "the Yarbroughs" and has been making payments in the name of the Yarbroughs. She believed that she was buying the house and was the owner of the property, even though she was making payments in someone else's name. Counsel for Juanita Gamez acknowledged that he was not aware of any documentation showing that Juanita Gamez legally owns the property. No documentation was submitted showing that Juanita Gamez has a legal right, title or interest in the property.

Ms. Gamez has not met her burden of proof to show by a preponderance of the evidence that she has a legal right, title or interest in the property located at 8532 CR 35 (Lavender Road), Tyler, Texas 75706. As a result, the Motion to Dismiss Petition of Juanita Gamez (document #847) should be granted.

Recommendation

It is recommended that the Motion to Dismiss Petition of Glenda Thomas and Sally Whittenberger (document #803) and the Motion to Dismiss Petition of Juanita Gamez (document #847) be granted. The Clerk shall mail a copy of this Report and Recommendation to Sally Whittenberger and Glenda Thomas, 209 S. Thompson, Tyler, TX 75702. A copy of this Report and Recommendation shall be sent electronically to Ralph Martinez, attorney for Juanita Gamez, George Stephen Evans, attorney for Simon Balderas, Sr., and Assistant United States Attorney Bill Baldwin.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So **ORDERED** and **SIGNED** this **20** day of **September, 2007.**

*[signature]*
_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE